Okay, the next case before the court is Saso Golf, Inc. v. Nike, Inc. Case number 20-1456. It's an appeal from a decision from the Northern District of Illinois. Ms. Saso, are you ready to argue? Yes, I am ready. Oh, I'm sorry, Ms. Fasulo. You may begin. Thank you. Good morning. May it please the court. Meg Fasulo on behalf of Saso Golf. Under Nautilus, Nike has the burden of proof to prove with clear and convincing evidence that the claim fails to inform with reasonable certainty the person of skill about the scope of the invention. Nike has not carried that burden here. There is no evidence on the actual decisive question, which is whether a person of skill can identify the boundaries or edges of the toe and heel with reasonable certainty. Nike tells the court numerous times that there is allegedly undisputed expert testimony, but there is no such thing. The expert declarations that Nike cites were filed years before the present dispute was crystallized and when the dispute was about a different topic, in particular, whether the toe and heel were regions or particular points. Ms. Fasulo, I certainly understand your point that Judge Wood's opinion leaves a lot to be desired in terms of completeness, but is it really necessary to send it back just to have the court walk through the Nautilus factors and ultimately reach the same conclusion? Your Honor, I believe here the crucial thing that is missing is any record evidence from Nike on this question of whether the person of skill can identify the boundary or the edge of the toe and heel. So, it's not as if the court could walk through any evidence to support its decision under Nautilus. That evidence simply is missing and Nike has the burden here. Nike hasn't put forth any of the evidence that the district court would need to rely on in order to reach the conclusion that the claims are indefinite. Counselor, isn't it the problem here that the sparseness of the district court opinion that's before us? It's really difficult to, because of its lack of completeness, to read that opinion and to find, you know, a foothold by which we can actually review what the court was thinking about. Yes, Your Honor, I think that is an excellent point. The district court's opinion... But, so, back to Judge O'Malley's question, do we have to send it back in order to have that type of review? Can we do it? Can we apply the Nautilus standard and do that? Yes, Your Honor, you can apply the Nautilus standard and conclude that the claim is not indefinite, because Nike has not carried its burden. But, are we able to also apply the Nautilus standard and conclude that it is indefinite? I don't think that the court can reach that conclusion. Nautilus makes clear that the perspective of the person of skill in the art is a really important part of the inquiry, and that is borne out in later case law as well. And, there is no evidence in this record that a person of skill would be confused about the toe or heel regions, or how to determine those regions. In fact, the... Go ahead, Judge O'Malley. No, I was just going to say that with respect to what is the toe region and what is the heel region, those terms were already defined by the other judges, the previous judges, correct? That is correct. The first judge to weigh in on claim construction here did construe toe and heel as regions, and that judge recognized that toe and heel are terms of art that a person of skill is well aware of and can apply. And, those constructions have never been challenged by Nike, and so they stand today. And, with that understanding, a person of skill would understand how to look at a golf club and identify where those regions are. Those are regions that are within the skill of the person of art to identify and do so with reasonable certainty. This is Judge Hughes. Can I interrupt just a minute? I understand your argument about everybody knowing where the toe and heel are and that they're regions and that that's all undisputed. But, there isn't a problem here that where you measure within that region will impact the actual curvature measurement. And so, what we have to know is not where the regions are, which is undisputed, but where the edge of each region is. Yes, that is correct. And, what in the specification or the claims or the record suggests that a skilled artisan would know where to determine the edge of the heel and the toe? The construction of these terms and the recognition that they are terms of art that a person of skill understands supplies the evidence that a person of skill could determine these with reasonable certainty. But, I think, Judge Hughes, that you are identifying the crucial thing that is missing here, which is that there is no evidence in the record that a person of skill could not identify these with reasonable certainty. And, because Nike carries the burden here, that crucial missing evidence must fall on Nike. Well, I understand you want to argue that it's a burden issue and maybe that's all you've got. But, I want to ask you the affirmative question. Where in the specification does it tell us how to look at the heel and toe region and define what the edge is? You are correct, Judge Hughes, that the patent itself does not give clear evidence of where to determine the edge of a heel or toe. But, the Nautilus standard doesn't require that a claim be defined so precisely, so long as the person of skill understands... Well, let me interrupt you again. Let me interrupt you again because I think it's important here. The edge is actually critical for determining this curvature radius, right? And, if the edge is located, you know, a quarter of an inch backwards or forwards in the toe and heel regions, it will affect the measurement. Isn't that true? I would disagree with that. There's certainly the possibility that it could affect the measurement, but there's no evidence that it will affect the infringement question. And, Presidio... I'm not asking about... See, you want to confuse infringement and indefiniteness. And, we need to know where the edge is so the jury can be instructed to determine, here's how you do the measurement and here's where you find the edge. Then, you determine whether the infringing articles infringe that thing. I just don't understand how, given the way, you know, golf clubs had to look and the different shapes, how a half inch forward or a half inch back in the region wouldn't drastically affect the measurement in some cases. It's not an infringement question if we can't decide what the point is in the first place. So, is your answer just that there's nothing in the specification that tells us where the edge of the toe and the heel is? And, all we have is, I think, fairly high-level testimony from your experts saying a skilled artisan would be able to figure this out? Yes, that is correct. The specification does not explicitly tell a person of skill where the precise edge is. There is testimony in the court found that these are terms of arts that a person of skill understands. Well, the court found that toe and heel are terms of arts. I don't see anywhere where the court found or any evidence that a person would, a skilled artist would definitely understand how the patent specification is using the term edge and precisely where the edge is. It seems to me that these are front and back regions of a golf club. And, sure, we generally know where they are, but the precise point where it changes from the edge of the toe to whatever you're calling the further middle of the clubs towards the end point is not precise. And, I don't see any expert testimony saying anybody would understand that the toe ends here where the heel ends there. Is that correct? That is correct. And the lack of evidence on this point needs to fall on Nike because Nike carries the burden of proving with clear and convincing evidence. So, the fact that there is no expert testimony that is directly on this point, I think, is determinative here. I thought that Nike's expert testified that you could not determine on the basis of the specification where to begin the measurement from the end point. Go ahead. Okay. Sorry, Judge Reyna. Nike submitted three expert declarations that it now cites in this briefing. All of those were submitted at a time when the dispute was about whether the toe and heel were regions or points. And all of Nike's expert declarations say that a person of skill understands those terms generally and wouldn't understand whether the toe and heel are a region or a point. But, Judge Leinenweber, the first judge to weigh in here, disagreed with those experts and said that a person of skill reading the claims would understand these to be regions. There's nothing in any of these expert declarations that talk about the edge or the boundary of the regions and how not knowing that edge would make it impossible or difficult to determine the scope of the claim. I'd like to circle back to something that Judge Hughes asked me about, which is about how the patent does not provide precise boundaries or teachings about the edge of the heel or the toe. One of the things that I think is important to keep in mind is that the standard of Nautilus is reasonable certainty. So long as a person of skill is reasonably certain of where the heel or toe end, the claim is not indefinite. And any dispute about how to measure the precise radius of curvature on any particular golf club is a question of infringement, not a question of indefiniteness. Thank you, Judge Leinenweber. Counsel, can you explain to us why you didn't... I mean, I understand you didn't want yet another delay before this particular judge, but why didn't you submit a supplemental briefing? The primary reason that we didn't ask to submit supplemental briefing in September of 2018 is the issue of delay. At the point that the district court asked whether SASA would be interested in additional briefing, the issue had been pending before the court for nearly five years. Can I ask you, did you ask? Did you... I mean, the court acted like... the judge acted like she was surprised that you guys were still around. You know, putting aside the fact that we've got reports that have to be issued every six months, did you give her any reason to believe you were still there and waiting? And did you file requests for a ruling? Anything to prompt the judge? There was never any filings on the docket, but my understanding is that Counsel for SASA occasionally reached out to the court by phone. And you can see in the record that there were a number of status conferences that were set and subsequently rescheduled. And so, SASA believed that there was always a ruling right around the corner and that no further action or prompting was necessary. Okay. Thank you. We'll save the rest of your time for rebuttal. Okay. Mr. Harris? Good morning and thank you, Your Honor. May it please the court. I'd like to start with the line of questioning from Judge Hughes and Judge Reynup about the evidence or lack thereof. Because I think what we hear SASA saying is there's a lack of evidence on Nike's part. There's no evidence on Nike's part because the three unrebutted expert testimony or expert declarations that Nike submitted went to a different issue. And that's simply not the case. Judge Wood's factual finding that it's unclear where one would take the claimed radius of curvature measurement is fully supported by and it aligns with exactly what Nike's experts were saying from the very beginning. But those were, I mean, SASA's right, isn't she? That those were submitted in connection with Nike's position that no one would understand what the toe or the heel is and that those positions were rejected. Well, not exactly, Your Honor. And let me explain. And this is where we think it's important that the court reviews not just Judge Wood's opinion, but all 44 pages of the three opinions from Linenweber, Chang, and Wood, from Judges Linenweber, Chang, and Wood. So when these issues were, when the claim construction issues were first teed up in 2010 before Judge Linenweber, Nike's experts opined that the terms toe and heel are general terms that are susceptible to many different interpretations. Right, but those were rejected, right? Those arguments were, counsel, I read all of those opinions. So they clearly rejected your concept that one in skill in the art wouldn't know what a toe or a heel was. No, what Nike's experts were saying was that if you were going to use toe and heel as a measurement, for a basis of measurement, then you would have to know what the point is. Where on the toe or heel that point is. And Judge Linenweber said, okay, I'm going to reject that, but I'm able to reject it because of my construction of radius of curvature. Remember, Judge Linenweber said, well, the only way this is going to make sense is if I construe radius of curvature to mean a single radius of curvature on the toe side and a single radius of curvature on the heel side. And because I'm doing that, I don't need to worry about the pinpoint or exact locations of where the toe and heel start because it doesn't matter. Okay, but counsel, again, we're past that. So Judge Chang said, no, that's not correct. You can have a radius of curvature on a complex curve. So I think we are back to where everybody was during the last argument, which is the question of the edge. Now, let me ask you, as I see it, we have two lines of cases. One that says that you can determine indefiniteness as a matter of law and at claim construction where the term is fully subjective or nonsensical. And then we have another set of cases where we say where the question is that there are multiple methods of possibly determining infringement, that those are questions that have to be decided based on underlying findings of fact. It would seem like what the judge has done here is essentially enter summary judgment without making any findings of fact and without allowing the jury to make any findings of fact. I'm not saying that indefiniteness shouldn't still be alive and well for purposes of you to fight, but I just don't know how we say that it can be determined on a one-sentence opinion. Well, Your Honor, we disagree with you, and here's why. You're right that Judge Chang disagreed with Judge Leina Weber's construction of a radius of curvature. And when he did that, when Judge Chang did that, he acknowledged that his different construction of radius of curvature created an issue. And he explained it like this. He said that the radius of curvature measurement, because of the way that he construed radius of curvature, necessarily depends on identifying the exact locations. And so in other words, Your Honor, he came full circle back to where Nike and its experts had started in 2009. That is, if you're going to use the toe or the heel as a basis for measurement, which Judge Leina Weber said, well, we're not going to do that. And then Judge Chang said, well, actually, we are going to have to do that, now that I've changed the definition or the construction of radius of curvature. So that took us back exactly to where Nike's experts started, which is, okay, these claims require using toe and heel as a basis or location for measurement. And if that's the case… No, but those experts said, and you don't know where in the toe. But if, in fact, the conclusion is that it's the edge of the toe, do you have any experts say that there's no way to determine where the edge of the toe is? That's exactly what all three of Nike's experts said. They wouldn't know where the toe starts or stops or where the heel starts or stops because… Well, the claim language says that, and this is Sasso's argument, the claim language says that it's the measurements between the most rearward point and the toe on one side and between the most rearward point and the heel on the other side. It doesn't say, the claim doesn't say anything about edge. So it's between those two areas, the rearward point… Well, if it's between, and you never really addressed the between argument, but if it's between, the assumption is it's from the most rearward point until the toe begins or the most rearward point until the heel begins. And you don't ever have anyone say that they wouldn't know what that meant. Well, we respectfully disagree. If the assumption, if that's a reasonable assumption that it's the edge, well then that's exactly what Nike's experts were saying, that a skilled artisan would not know where to take this measurement as recited in Claim 7 because there are many different places where that measurement could be taken from. Again, they didn't, there's nowhere that they say they would not be able to figure out what the edge or what the beginning point of the toe or the heel is, right? Well, I agree with you, Your Honor, that they don't use the word edge, but again, the claim doesn't use the word edge either. Well, begin point, end point, they don't ever say they wouldn't know that. They say to use the terms toe and heel as a measurement point, they would have to be assigned a specific definition with a specific boundary, which I think can reasonably be construed as an edge, a specific boundary if they were to be used as a measurement point. That's Maltby's Declaration Appendix 2419 at paragraphs 26 and 27. Right, and if they're told that the boundary is where Sasso proposes, is there any evidence that they wouldn't be able to find that? Well, Sasso hasn't proposed a boundary. Sasso's approach is let the jury figure it out. The jury can figure out where the boundary is, but that doesn't answer the question, and that shifts and we think improperly shifts the claim construction analysis and the legal analysis of determining the scope of a claim to the jury, and it also runs afoul of the Supreme Court's warnings and nautilus of the zone of uncertainty. You know, under Sasso's approach, whether a club infringes or a prior art club invalidates could change day-to-day, person-to-person. It could be a moving target, and we've already seen that in Sasso's attempted enforcements of his patent. Before the lawsuit, before they filed their lawsuit against Nike, they had one interpretation of how to determine whether… …it's something that's decided at claim construction or something that needs to have underlying facts resolved, because it has to be by clear and convincing evidence. And we've said where it's so obvious on the face that the word is frivolous or nonsensical, then we can say that by clear and convincing evidence, it's indefinite as a matter of law. But we've also said where there are other underlying considerations, you have to have someone who's a trier of fact make a determination about what one of reasonable skill in the art would know or understand. Well, in this case, Your Honor, you get to the same result. If the court finds…if this court finds that Judge Wood's finding was not a factual finding entitled to the clear air standard review, and instead does a de novo review, well, you get to the same result. There's absolutely nothing in the intrinsic record that would allow or inform a skilled artisan on where an edge of a toe starts or stops or where a heel starts or stops. And I think Sesso's admitted it as much. So either way, we think, Your Honor, you get to the same result. So I think that unless you have any other questions, Your Honor, I think we've covered all the points that we wanted to make today. And for all of those reasons and all the reasons in our briefing, we think that Claim 7 fails to inform a skilled artisan with reasonable certainty as to the scope of the claim, and therefore Nike requests that this court affirm. Thank you. Thank you, Counsel. Ms. Cicillo? Thank you. This case is much more like the multiple measurement cases like Dow and Teva, but the critical difference between this case and those is the state of the record. In those cases, there was evidence in record that whether the accused product would infringe depended on the methodology employed. There's no evidence of that here, and there's no evidence that a person of skill could not locate the boundary or edge of the toe and heel with reasonable certainty. Nike has provided none of that evidence, and without it, Nike cannot carry a burden that Nautilus puts on Nike and Nike alone. That means that the district court should be reversed and remanded for further proceedings. Thank you. Good timing. The case will be submitted, and the court is adjourned. The Honorable Court is adjourned until tomorrow morning at 10 a.m.